Good morning, ladies and gentlemen. We have a busy schedule this morning. We have five cases on the calendar. A patent case from district court, one from patent office, two sorts of patent case remains to be seen. One of the veteran's cases is submitted on the briefs and will not be argued. But before we get to our arguments, we have one of those happy occasions where we admit law clerks to the bar of the court. In fact, they happen to be my law clerks, four of them. And since I will be making the motion for their admission, I will pass the gavel to Judge Moore who will handle this part of the ceremony. Are you entertaining my motion? Yes, I will entertain your motion, Judge Rayner. I move the admissions of Iftikhar Ahmed, who is a member of the Bar and Good Standing of the Highest Court of Texas, and Sarah Emily Craven, who is a member of the Bar and Good Standing of the Highest Court of California, and Christian John Hurt, who is a member of the Bar and Good Standing of the Highest Court of Texas, and Andrew V. Trask, who is a member of the I have knowledge of their credentials, and I'm satisfied that they possess the necessary qualifications. That is what I'm supposed to say. But I will additionally say that because they have all worked for me for either one or two years, I know intimately of their abilities. They have all worked hard and done fine work, so I move their admission. Well, I see no objection, so I will grant the motion and welcome you to our bar. I will say that you had the pleasure of serving for one of the greatest judges we've ever had on this court, and I have no doubt under his mentorship and tutelage you will make fine lawyers. So welcome to the bar, and I thank my colleague for her generous remarks. The first case is Chet. Do we have counsel for Chet Shoes? You are Mr. Ames. We heard you were tied up in traffic. Are you ready, or would you like to collect yourself and argue afterwards? Okay, we'll let you argue second, and we'll hear the first case. Russell Young versus the Department of Veterans Affairs, 2011, 7019. Mr. Raven. Good morning. May it please the Court. The issue before the Court is whether or not Mr. Young, the appellant in this matter, has the right to due process of law under the Fifth Amendment, and secondly, whether he has the right to notice that VA will not provide an examination which it had promised to him prior to their issuance of a decision. First of all, didn't he waive the constitutional argument by not raising it until, what, a motion for reconsideration? No, Your Honor. Actually, there are two reasons why the issue is before the Court on a jurisdictional basis. The first response to that question is that in the initial brief in this case, Mr. Young clearly argued that the Board's decision was inadequate because it didn't follow BARR and referred specifically to the lack of notice of the failure of VA to provide an examination or provide notice why one should not be provided. Was BARR a constitutional case? I'm sorry? Did BARR deal with a constitution? BARR was not a constitutional case but relied upon two cases which discussed due process. There are due process cases called Davies and Sanders. In Davies, Davies relies upon due process considerations, and the question is in BARR whether or not notice was provided, whether or not VA has an obligation to provide notice. And under Davies, there's a due process argument as well that VA has an obligation to provide due process. Even if the issue is not clearly raised down below before the Veterans Court, the Veterans Court, as in Cushman in this case, as in Cushman in the prior case, clearly raised the issue of notification in its decision. And its decision clearly says that as in BARR, the Board clearly explained why the veteran was not entitled to an examination which met the notice requirement. Robert? On the merits though, he had an examination in 2001, didn't he? He did have an examination, Your Honor. But the argument in BARR is that procedural due process requires that once VA promises another examination, even when it's not statutorily obligated to do so, the veteran has the right to either have that examination or have notice from VA, meaningful notice, that VA will not provide another examination. The 2001 examination was provided prior to him providing a favorable medical opinion from Chief of Medicine that his service-connected foot disorder was causing him to have an unsteady gait which was causing him to have knee disorders on the secondary basis. After he submitted the favorable evidence, VA then ordered an examination which both parties later in a case that was at the court below had agreed was inadequate. And on remand back to the Board, the Board said, all right, that examination was inadequate, but he had an examination in 2001. And even though we already provided him with another examination, we're going to find that first examination was inadequate. Was the error harmful? And my question to you is, are you asserting before us that you would have sought an independent medical examination to supplement in the record if you were aware of the fact that the government were not going to proceed with a new one? Absolutely. Mr. Young detrimentally relied upon VA's obligation to provide an examination or provide notice. Had he not, had Mr. Young received notice from VA prior to its determination that it wasn't going to provide him with a further examination, Mr. Young would have easily gone back to his orthopedist or to his treating physician at the time. Now, there is a doctrine of constitutional avoidance. I'm not sure if you're familiar with it, but under a Supreme Court precedent, it says when it's possible to decide a case under, for example, a statute or a regulation, rather than on a constitutional ground, such as due process, that courts should do so and avoid addressing the constitutional issue. Is it possible for us to decide this case under the duty to assist? Is it possible for us to say that the duty to assist requires meaningful notice as a matter of law and notice that is given after the fact in an opinion which renders judgment cannot be ever as a matter of law deemed to be meaningful notice? What would your thoughts be about that? I think that you could decide that and avoid the constitutional issue. Inside VA's own regulations, VA does allow for due process of law in its application of the statutes and regulations, including the duty to assist. Once it's promised a VA examination on their duty to assist, when it doesn't provide that examination and rips the carpet underneath the veteran's feet without providing notice, that's clearly a violation of the duty to assist. Could you also, though, so you could argue that it's a, as a matter of law, a violation of a duty to assist, a misinterpretation of the obligations under the duty to assist, as opposed to a due process only issue? Absolutely. The due process issue, yes, absolutely, to answer your question. Counselor, did you raise these type of arguments already? The arguments raised down below consisted of basically whether or not Mr., what was under a case called Barr and a case of Davies and Sanders. The government raised Sanders in its brief here, but we clearly, Mr. Young down below clearly based his argument under Barr that notice was required and that VA had an obligation to either provide an examination or provide meaningful notice prior to the time of its decision. And in the initial brief made to the court down below, if you'd like me to read from it. Well, let me ask the question in a different way. Are you urging this court to, to limit its decision to your due process claim on the basis of the Constitution? I would prefer, I would prefer the due process issue were addressed by this court, yes. In terms of limiting it, I, I don't believe it's my role to ask the court to limit its decision narrowly to the duty to assist. You want to win whichever way you can. Obviously, I defer to you, Your Honor. Much has been made about the jurisdictional requirement, but fundamental principles of fairness require that Mr. Young would have received notice prior to the final adjudication in the board decision. Once the board issued its decision. But why was not the, the, the court's order in the remand order below? Why was that not sufficient notice where, where your client was told provide additional information, provide evidence, provide more information, and yet you waived the time that you had to do that and you didn't provide any additional information? The parties agreed in a joint motion for remand to send the matter back to the Board of Veterans' Appeals for re-adjudication under BAR and specifically cited to that case because the parties both agreed that the examination provided in 2004 was inadequate, had no probative value. And that once VA, and BAR stands for the proposition that once VA provides an examination, it must provide either a new one, which is adequate, or provide notice that one will not be provided by VA. My client didn't receive notice when it went back to the board that VA wouldn't provide an examination until the decision itself. And that is not meaningful notice because it doesn't give my client the opportunity to say, all right, now I have to take money out of my wallet and either go to a private doctor and obtain an examination. The entire purpose of the duty to assist us is for veterans to get free medical opinions or to help them. Just to be clear about a factual matter, you have suggested, I think, twice an oral argument that both parties agreed the underlying 2004 medical examination was inadequate. But as I understood the joint motion for remand, both parties seemed to agree not that the medical report was inadequate, but that the board decision, which didn't discuss the failure of the medical examiner to have reviewed the earlier history and claims file, that that was what was inadequate. And I just want to make sure that I'm clear from a factual standpoint. I didn't see any admission by the government that the 2004 exam itself was definitively inadequate. But rather, because I think under the law, can't you actually sometimes accept, the board can accept medical evidence that doesn't review the claims file, but it has to explain why that failure to do so isn't harmful in a given case. That's true. I would have to look at the joint motion for remand that the parties agreed to, which is on page 40 in the joint appendix, to look at that language again and to answer your question fully in my time that is reserved. But I would state, unless you'd like me to go ahead and look right now, but I would state that in the board's decision, which was taken to the veterans court, the board itself found that that examination was inadequate. So, whether the parties specifically or explicitly stated that, the board already found that it was inadequate. I see that my time for argument. You can use it I'll save it. Thank you. Mr. Macko. Good morning, your honors. May it please the court. Due process does not demand the additional procedure that Mr. Young seeks, because in this of an erroneous deprivation of any interest in veterans benefits. And this is so, first of all, you're discussing what due process requires. Does that mean you don't think the constitutional question was waived? The constitutional question, your honor, is waived as a prudential matter. And I can begin by addressing that waiver. Mr. Young argues that he preserved a constitutional due process argument by citing Barr before the veterans court and below. The veterans court decision in Barr reflects a statutory principle of fair process, which is distinct from constitutional due process. Now, it is true that in Barr, Barr does cite another veterans court case, Dave's, which includes the words due process. However, even in Dave's, Dave cites a third veterans court precedent, Prickett versus Nicholson, that explains the difference and distinguishes fair process under the statutes from constitution. It seems quite clear that he advocated below the process as applied to him was unfair and harmfully so. Even if he didn't use the words due process, isn't that adequate for these purposes to preserve his complaint to our court, which is they treated me unfairly as a matter of process? No, your honor, and there are two reasons. First of all, this court sitting on Bonk and Forshee held that prudential considerations should, quote, severely limit consideration of issues not raised below. Given that constitutional due process is distinct from statutory fair process and any argument under a statute, the constitutional argument has not been raised and has not been preserved. But speaking to the fairness argument, there's nothing unfair about the result here because Mr. Young knew after the veterans court remand that the issue before the board was whether the VA satisfied the duty to assist and whether VA had complied with the statutory rule of law from bar. So the issue before the board was, in fact, whether to provide, whether VA was obligated to provide a medical exam to replace the 2004 medical exam. That was the issue. The VA, the board, gave Mr. Young notice at page 386 of the appendix of his opportunity to submit additional evidence or argument. At page 37 of the appendix, Mr. Young waived the opportunity to do so. But he waived it almost conditional on his clearly expressed belief that he would be receiving a new medical examination since all parties had admitted that the 2004 medical examination he received was not adequate. So why should that waiver be construed the way you're suggesting and not construed as he's waiving it, clearly expressing his belief that he's entitled to and going to receive under the facts a new examination? First of all, Your Honor, to the extent Mr. Young subjectively believed that the board would decide that a new medical examination was warranted, that subjective belief would not have been objectively reasonable. And the reason for that is the scope of the board's review under section 7104 of the statute provides that the board must consider all of the issues that were raised below and any, all of the issues below and any, all the facts raised below. Here the board did not decide any new issues. The board did not decide any new was precisely whether to provide another medical exam, whether it would be required under board. I don't, I'm not following you. It looks objectively reasonable to me in addition to subjectively reasonable. And I don't understand your response. I mean, this is a set of facts that seems quite incredibly unfair and egregiously so. And this is one of those cases that I'm baffled, frankly, that the government has appealed and not settled. This is a situation where you've got a 2001 medical report granted. And I agree, he doesn't even dispute that that would have been adequate. But it's the process that seems tremendously unfair to this pro se veteran. Your Honor, in order for Mr. Young to prevail, to show that due process requires the notice that he seeks in this case, the court would have to consider the factors set forth in Matthews versus Eldridge. Yes, but if under the doctrine of constitutional avoidance, we can easily decide this case under the duty to assist. And it seems to me that once the government has indicated that there is a necessity for a medical examination, even if that indication by the government proves to be wrong, because there was already an adequate one in 2001 that was overlooked by the government. Once the government puts the veteran on notice that it believes part of its duty to assist includes a medical exam, I believe at that point, the duty to assist requires the government to actually provide it or give notice as to why they're not going to. Your Honor, Mr. Young has not argued that, in fact, Mr. Young concedes in this case that the VA has complied with the statutory duty to assist. Where is that concession? I saw no such concession anywhere. And in fact, I understand his argument while framed in the context of due process to be a clear argument in favor of a construction of the duty to assist. So show me where this waiver is. Your Honor, in the issue presented in Mr. Young's... No, you said he expressly waived before this court. That's different than framing an issue in a particular way. I would like to see the express waiver that you indicated exists. But I apologize, Your Honor. I do not have an express waiver where he explicitly says I concede the point. What I meant to say and what I do mean is that Mr. Young, by not raising a statutory fair process issue or a statutory duty to assist issue, has not preserved it for this appeal. You agree he raves the issue under bar, correct? Yes, Your Honor. And you just told us he has waived his due process argument because the issue that he's been raising under bar is a statutory one. Well, he continues to cite bar and argue it throughout this appeal. In your mind, he's damned if he does and damned if he doesn't because he's waived due process because he only argued bar. But oops, he hasn't preserved the statutory issue even though that's what you characterized bar as. That doesn't seem like a system that is really supposed to be non-adversarial towards veterans. Your Honor, here Mr. Young argues that the Constitution requires additional process that the statutory scheme that Congress provided perhaps does not provide. Mr. Young says no, it's the constitutional minimum guarantee of process that is triggered here. And the issue for the court is whether the Constitution in fact requires this additional process. There hasn't been a dispute that... Isn't the due process requirement also, as it's contained in the bar decision, that is a judicially created rule by the Veterans Court, is it? Yes, Your Honor. So, are you saying that the Veterans Court does not have to follow its own judicially created rules? No, Your Honor. The Veterans Court found that the VA had done what bar and Sanders require. So, Mr. Young had an opportunity below in the Veterans Court to argue the statutory bare process issue. Let me ask you this then. How is it that the 2001 medical opinion can be viewed as adequate if in 2004 Mr. Young was given another medical examination? So, you had a subsequent medical examination. Why should we overlook Mr. Young's claim that he was expecting to receive a new medical examination in light of the fact that 2004 medical examination was deemed inadequate? Your Honor, Mr. Young does not dispute the Veterans Court's finding at page 7 of the appendix that the 2004 exam was the result of a clerical error by the VA where Mr. Young's file had been marked as a request. But if that's the case and that's what the record does say, then isn't it reasonable for Mr. Young to believe that he's going to get another medical examination? Your Honor, the reasonableness inquiry has to be viewed in the context in which Mr. Young encountered it which was when the issue was before the board. After the joint remand from the Veterans Court, the issue before the board was in fact whether VA had complied with the duty to assist, whether the VA had complied with the had to have known that this was the issue. The issue was whether he would be entitled to a new medical exam. Why would we accept the or look at the 2001 medical opinion as adequate given that there were subsequent examinations which tended to give support to Mr. Young's claim for disability or service-connected disability to his knees? Your Honor, there's no dispute in this case that the 2001 exam was adequate to address Mr. Young's leg condition claim. That in itself demonstrates the subsequent to the 2001 examination there were other medical reports that tended to support his claim that his knees were service-connected. The document that Your Honor may be referring to would be Dr. Plunkett's letter that Mr. Young had submitted and the board discussing that letter found that the conclusions in there were untenable and it did consider Dr. Plunkett's letter. If that's the case and he has a medical examination in 2004 that's untenable then why is it unreasonable for Mr. Young to assume he's going to get a new medical examination? Your Honor, it was not the 2004 conclusion that was untenable. Dr. Plunkett's letter. Right. Because, Your Honor, at the point when Mr. Young's claim was again before the board for re-adjudication and the board has an obligation to decide all of the issues raised below, Mr. Young knew that the VA, the board, would have to decide whether a new medical examination would be warranted to replace the one that the VA by a clerical error had provided in 2004. At that point, Mr. Young was on notice of the issues. The board did not decide any new facts or new issues. If the board has a duty, if the VA has a duty to assist the veteran to substantiate his claims of disability and that's a statutory, that's a statutory duty, that's the case. Why would Mr. Young believe that the VA would rely on a 2001 opinion that's already ruled against him? Your Honor, because the issue before the board was whether the new examination would be required. Now, it may have been Mr. Young's subjective belief that the board would rule in his favor, but that belief would not have been reasonable given the scope of the board's review, given the purpose of the veteran's court's remand. If a new medical examination had been required, then the veteran's court remand would have said so. Instead, the issue was what has VA complied with BARR? And again, that's a statutory issue in BARR. It's a fair process issue. You're not making a jurisdictional argument? No, Your Honor. Although Mr. Young has construed the prudential argument that the government's made in its brief as jurisdictional, the government has not contested jurisdiction. Instead, there are strong prudential reasons that the court should not reach an issue that was not raised below. And so, to the extent that there are any fact questions, they're reviewable in the context of a constitutional question? Your Honor, yes. Under the jurisdictional statute in 7292, this court can decide issues of fact. However, in this case, Mr. Young has not asked the court to revisit any facts and has not made any factual challenges. So, the court would not need to exercise that authority here. And it bears mentioning that when this issue was before the board, this board can reverse even favorable findings of fact that had been made below. This would be in the McBurney case. If it were unfair for the board to decide against Mr. Young in this case, it would be unfair in every case where the board reverses a favorable finding of fact. But that doesn't seem the case at all. The government framed it that way in the brief, and I thought that that was a real mischaracterization of the facts here. The facts are, rightly or wrongly, the government told Mr. Barr he was entitled to a new medical examination. Maybe that was entirely wrong, but the government led him to believe that the medical evidence in the file wasn't adequate to decide his claim. He was entitled to something new. Turns out, and then what they gave him was not adequate. It was an incorrect, improper exam. Now the government's saying, oh yes, well, you were never entitled to it to begin with. I think that is slightly misleading the veteran. And if I were him, I wouldn't have shelled out my own money to go get my own medical exam. You already promised me you needed a new one to make your case. Your Honor, at a later point in time when that issue was before the board, when the board had to decide whether the VA was obligated to provide a new medical examination, at that point Mr. Young was on notice that the board would be deciding this issue and could not take for granted. Was he ever on notice that the government was going to rely on the 2001 medical exam, which it had never brought up or never mentioned and led him to believe was inadequate by virtue of the fact they ordered a new one? Was he ever on notice that that would be the sole basis upon which they would decide the case? Mr. Young did not have pre-decisional notice of the decision, but he did have notice of the scope of the board's review. And he knew explicitly from the remand what the issues were before the board. If we find that both the board and the Veterans Court were wrong and they're reading a bar, what does that do to allow us to get into some of the facts of the case? Your Honor, Mr. Young has not asked the court to reconsider any facts. If the court were to adopt a statutory argument despite the waiver, the court's jurisdictional statute in any event would not permit the court to re-evaluate facts or re-decide facts under that framework. But we could evaluate the board's and the Veterans Court's interpretation of bar. Had Mr. Young raised an issue concerning the rule of law as a statutory principle in bar, the court possibly could have decided the rule itself and what it means. But in this case, it would be an application of law to fact. The rule of law in bar has applied to the facts of Mr. Young's case that the court's jurisdictional statute would not permit. Thank you, Mr. Macco. Mr. Raven has some time left for rebuttal. I really have nothing further to add at this time and if there's nothing further. Thank you, Mr. Raven. The case will be taken under advisement. Thank you.